UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORENA CHAVEZ-ACOSTA,
    Plaintiff,

vs.                                                                     No. 12 CV 353 JAP/CG

SOUTHWEST CHEESE COMPANY, LLC,
    Defendant.

**MEMORANDUM ORDER AND OPINION**

In DEFENDANT'S MOTION IN LIMINE (Doc. No. 60) (Motion), Defendant Southwest Cheese Company, LLC (SWC) asks the Court to exclude evidence, including expert testimony from Dr. William Patterson, that is relevant to lost wages in connection with Plaintiff's sexual harassment hostile work environment claims under Title VII, 42 U.S.C. § 2000e-2, and the New Mexico Human Rights Act (NMHRA), NMSA 1978 §§ 28-1-1 et seq. Plaintiff opposes the Motion. *See* LORENA CHAVEZ-ACOSTA'S RESPONSE TO "DEFENDANT'S MOTION IN LIMINE [7-28-13] (sic) (Doc. No. 65) (Response) and DEFENDANT'S REPLY TO MOTION IN LIMINE (Doc. No. 74).[1] At the pre-trial conference held on August 21, 2013, the Court asked for further briefing on this issue.[2] Because Plaintiff voluntarily resigned her employment at SWC and because Plaintiff has failed to show that she was constructively

---

[1] SWC also raised this argument in DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST (Doc. No. 68) and in DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LISTS (Doc. No. 75). To the same extent that the Court partially grants the Motion, the Court also partially grants these motions and will exclude all evidence relevant to Plaintiff's lost wages in testimony and in documentary evidence.

[2] Plaintiff submitted PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPPORT OF ALLOWING THE TESTIMONY OF WILLIAM PATTERSON IN SUPPORT OF PLAINTIFF'S CLAIM FOR DAMAGES UNDER THE NEW MEXICO "HUMAN RIGHTS ACT" (Doc. No. 85). SWC submitted DEFENDANT'S BRIEF IN SUPPORT OF DENYING PLAITNIFF'S CLAIM FOR PAY BASED DAMAGES UNDER TITLE VII AND THE NEW MEXICO HUMAN RIGHTS ACT (Doc. No. 86) and DEFENDANT'S REPLY TO PLAINTIFF SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALLOWING THE TESTIMONY OF WILLIAM PATTERSON IN SUPPORT OF PLAINTIFF'S CLAIM FOR DAMAGES UNDER THE NEW MEXICO HUMAN RIGHTS ACT (Doc. No. 87).

discharged, the Court will deny the Motion in part and will exclude all evidence related to Plaintiff's lost wages in connection with Plaintiff's Title VII and NMHRA claims.

Plaintiff alleges that she was sexually harassed during her employment at SWC, which began in August 2010 and ended when Plaintiff resigned on July 18, 2011.  In a MEMORANDUM OPINION AND ORDER (Doc. No. 56), the Court denied summary judgment in part and allowed Plaintiff to assert claims under Title VII and the NMHRA that SWA is liable for the hostile work environment sexual harassment based on the conduct of Chance Senkevich (Senkevich), an employee who trained Plaintiff to perform her job at SWC.  The Court found that Plaintiff presented sufficient evidence that after Plaintiff turned down Senkevich's romantic overture Senkevich caused her to experience unlawful sexual harassment by creating a hostile work environment.  However, the Court also concluded that Plaintiff failed to show that she suffered a tangible employment action because Plaintiff failed to come forward with evidence that she was constructively discharged from her employment.

In the Motion, SWC argues that since Plaintiff resigned her employment with SWC and failed to present evidence that she was constructively discharged, Plaintiff cannot recover back pay or front pay damages in connection with her Title VII claim under Tenth Circuit case law. *See Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1236-37 (10th Cir. 2000).  SWC contends that the Court should exclude the testimony and report of Plaintiff's economic expert, Dr. William Patterson.  In her Response and in her supplemental brief, Plaintiff asserts that even if she is precluded from recovering lost wages under Title VII, she may recover these damages under the NMHRA.  According to Plaintiff, courts applying New Mexico law would allow an employee-claimant to recover lost wages, as actual damages, even if the employee-claimant resigned employment and has failed to prove constructive discharge.

2

Plaintiff cites *Nava v. City of Santa Fe*, 2004-NMSC-039, ¶ 19, 136 N.M. 647, 103 P.3d 571. In *Nava,* the plaintiff, a Santa Fe police officer, proved she was sexually harassed over a nineteen month period by her supervising sergeant. The evidence at trial showed the plaintiff's supervisor "checked on her location more than other officers, raised his voice to her, denied her many of the same privileges male officers were afforded, followed her to her house to monitor how long she took on bathroom breaks, assigned rape calls to her even when other officers were closer to the scene of the crime, and threw a file folder at her on one occasion." *Id.* ¶ 2. There was evidence that the supervisor would at times cancel back up for female officers. *Id.* In *Nava*, the plaintiff did not resign her employment, and recovered only for the emotional distress she endured during the nineteen months of time she was harassed. *Id.* ¶ 18. The plaintiff argued to the jury that the calculation of emotional distress damages should be equal to the amount of salary that Plaintiff earned during that nineteen month period. *Id.* Instead, the jury awarded five times the plaintiff's yearly salary, which the trial court remitted to an amount equal to the nineteen month salary amount argued at trial. *Id.* at ¶ 16. Notably, the plaintiff did not claim damages for lost wages. The plaintiff merely tied the amount of requested emotional distress damages to the amount the plaintiff earned. *Id.* at ¶ 19. The holding in *Nava* fails to support the Plaintiff's claim that she is entitled to lost wages even though she resigned.

In *Montoya v. Super Save Warehouse Foods*, 804 P.2d 403, 405 (N.M. 1991), the plaintiff sued under the NMHRA for sex discrimination resulting from disparate treatment. *Id.* at 404. The plaintiff claimed she was "forced to resign" after she announced that she was pregnant and would be taking some time off. *Id.* The jury awarded the plaintiff $25,000 for lost wages, and the district court awarded the plaintiff $25,000 for attorney's fees. *Id.* at 405. On appeal the defendant argued that the district court improperly instructed the jury on the plaintiff's duty to

3

"exercise ordinary care to minimize or lessen her damages." *Id.* The propriety of seeking lost wages was not raised, and therefore, was not addressed by the New Mexico Supreme Court. Hence, the holding in *Montoya*, does not adequately support Plaintiff's argument.

Plaintiff points to the plain language of the NMHRA, which provides, [i]n any action or proceeding under this section, if the complainant prevails, the court in its discretion may allow actual damages. . ." NMSA 1978 § 28-1-13(D). According to Plaintiff, since lost wages are "actual damages" and since she would still be working at SWC had she not been sexually harassed, the Court should allow her to recover lost wages "caused" by the harassment. Plaintiff further asserts that even though these damages are not allowed under Title VII, the courts in New Mexico have interpreted the NMHRA to offer greater protection and relief to employees. In a related argument, Plaintiff contends that federal precedent does not bind the interpretation of the NMHRA. *See Smith v. FDC Corp.*, 109 N.M. 514, 517, 787 P.2d 433, 436 (1990) (stating in reference to the court's use of the *McDonnell Douglas* burden shifting method of proof does not mean that ". . . we have adopted federal law as our own.").

Defendant contends that New Mexico, like many other jurisdictions, would not allow a plaintiff, who resigns after suffering harassment in a hostile work environment, to recover lost wages unless she proves she was constructively discharged. Defendant cites an order issued by the United States District of New Mexico in *Williams v. W.D. Sports N.M., Inc.*, Case No. 03 CV 1195 WP/ACT. (*See* ORDER CLARIFYING RULING ON LOST WAGES DAMAGES (Doc. No. 297) (Order on Lost Wages) Suppl. Br. Ex. 1.) Prior to the Order on Lost Wages, the court denied the defendant's motion for summary judgment on the claims for hostile work environment under Title VII and the NMHRA. (*See* MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR

4

SUMMARY JUDGMENT AS TO ALL CLAIMS BY PLAINTIFF HUNTER (Doc. No. 165) Suppl. Br. Ex. 2.)  In the subsequent Order on Lost Wages, the district court determined that since the plaintiff voluntarily resigned from employment, she was not "entitled to back pay or reinstatement." *Id.* at 1.  The court also noted that the plaintiff had not pleaded or alleged that she was constructively discharged. *Id.*

Defendant further asserts that courts in general follow Title VII case law regarding damages recoverable under state human rights laws.  *See, e.g., Strozinsky v. School Dist. of Brown Dear*, 614 N.W.2d 443, 463 (Wis. 2000) (ruling that an employee who voluntarily resigns must show constructive discharge to recover back pay or reinstatement under Wisconsin discrimination law), and *Brewington v. Dept. of Corrections*, 513 N.E.2d 1056, 1058-59 (Ill. App. Dist. 1 1987) (holding that the plaintiff could not collect back pay under the Illinois Human Rights Act because she resigned and did not prove constructive discharge).

Defendant points out that disallowing recovery of lost wages by employees who resign furthers the purpose of Title VII and the NMHRA, which is to encourage an employee to work with the employer to eradicate discrimination.  An employee who resigns without conditions equal to constructive discharge frustrates that purpose. In *Derr v. Gulf Oil Corp.*, the Tenth Circuit held that under Title VII unless an employee is constructively discharged, a voluntary resignation will preclude an award of back pay. 796 F.2d 340, 342 (10th Cir. 1986).  To support its conclusion, the court in *Derr* agreed with a policy statement made by the Fifth Circuit: "society and the policies underlying Title VII will be best served if, wherever possible, unlawful discrimination is attacked within the context of existing employment relationships." *Id.* at 342-343 (quoting *Bourque v. Powell Electrical Manuf. Co.*, 617 F.2d 61, 66 (5th Cir. 1980)).  Therefore, by precluding lost wages, employees are encouraged to "work with superiors within

5

the existing job setting and employment relationship in an effort to overcome resistance within that workplace and to eradicate discrimination." *Hare v. Potter*, 549 F. Supp. 2d 688, 694 (E.D. Penn. 2007) (quoting *Thorne v. City of El Segundo*, 802 F.2d 1131, 1134 (9th Cir. 1986)).

The Court concludes that under the NMHRA, as under Title VII, lost wages are not recoverable by a claimant who resigns employment but fails to prove constructive discharge. Consequently, the Court will exclude the testimony and report of Dr. William Patterson, Plaintiff's economic expert, and the Court will exclude the testimony and report of Dr. Allen Parkman, Defendant's economic expert.

IT IS ORDERED that the DEFENDANT'S MOTION IN LIMINE (Doc. No. 60) (Motion), is granted in part and all evidence pertaining to Plaintiff's lost wages, either back wages or front wages, is excluded.

_____
SENIOR UNITED STATES DISTRICT JUDGE