UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORENA CHAVEZ-ACOSTA,
    Plaintiff,

vs.                                                                   No. 12 CV 353 JAP/CG

SOUTHWEST CHEESE COMPANY, LLC,
    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on PLAINTIFF LORENA CHAVEZ-ACOSTA'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS AND MEMORANDUM IN SUPPORT (Doc. No. 158) (Motion). In her Motion, Plaintiff objects to specific costs taxed by the Clerk of Court after a jury verdict in favor of Defendant Southwest Cheese Company, LLC. In addition, Plaintiff asks the Court to deny costs entirely because she is indigent and the case was close and difficult. Defendant contends that Plaintiff has not overcome the strong presumption that the prevailing party be awarded costs under Fed. R. Civ. P. 54. *See* DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS (Doc. No. 161).[1]

    **I.**     **Discussion**

Under Fed. R. Civ. P. 54, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Recoverable costs encompass the costs of obtaining deposition transcripts when these transcripts are "reasonably necessary to the litigation of the case." *In re Williams Sec. Litig. -- WCG*

---

[1] In ruling on this matter, the Court also considered PLAINTIFF LORENA CHAVEZ-ACOSTA'S REPLY TO "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS" (Doc. No. 162).

*Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). The reasonable necessity of deposition costs depends on the particular facts and circumstances at the time the expense is incurred. "If materials or services are reasonably necessary for use in the case, even if they are ultimately not used to dispose of the matter, the district court can find necessity and award the recovery of costs." *Id.* (internal citations omitted),

Rule 54 creates a presumption that reasonably necessary costs will be awarded to the prevailing party unless the non-prevailing party provides the court with a valid reason to deny costs. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. Colo. 2004). Circumstances under which a district court may properly deny costs include "when the prevailing party was only partially successful, when damages were only nominal, when costs were unreasonably high or unnecessary, when recovery was insignificant, [and] when the issues were close or difficult." *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). In addition, the Tenth Circuit has recognized that it is not an abuse of discretion for a court to consider whether the non-prevailing party is indigent in awarding costs under Rule 54. *Rodriguez*, 360 F.3d at 1190; *Johnson v. Oklahoma ex rel. University of Okla. Bd. of Regents*, Nos. 99-6322, 99-6427, 2000 U.S. App. LEXIS 19033, at *9-10 (10th Cir. August 7, 2000) (unpublished). However, the Tenth Circuit has warned that "the denial of costs is in the nature of a severe penalty, and there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Rodriguez*, 360 F.3d at 1190 (internal citations omitted).

**II.   Analysis**

Plaintiff specifically objects to the deposition costs of Eric Denton and Yvonne Macias. Both Mr. Denton and Ms. Macias testified at the September 9, 2013 trial, which resulted in a hung jury. Neither Mr. Denton nor Ms. Macias testified at the December 9, 2013 trial, which

resulted in a verdict in favor of Defendant. Plaintiff argues that she should not be required to pay the costs associated with the depositions of these witnesses because Defendant was not the prevailing party in the first trial, the only trial at which either witness testified. However, the Court will not employ the benefit of hindsight to reduce costs that appeared reasonably necessary for litigation at the time they were incurred. Plaintiff does not dispute that she called Mr. Denton to testify at the first trial and that she listed Ms. Macias as a trial witness for the September 9, 2013 trial. Based on the facts of this case, the Court finds that the costs of obtaining deposition transcripts for Mr. Denton and Ms. Macias were reasonably necessary at the time the costs were incurred. Therefore, the Court will deny Plaintiff's request to disallow these costs.

Next, Plaintiff asks the Court to refrain from awarding all costs because she cannot afford to pay the $2,113.04 taxed by the Clerk of Court. Plaintiff supports her claim of indigency with an affidavit stating that she is a single-mother with expenses that exceed her income. Furthermore, Plaintiff attests that she has no savings or investments from which to pay Defendant's costs. While the Court finds that Plaintiff has provided evidence of her indigent status, Plaintiff has failed to identify any reason to penalize Defendant. Reducing costs based on the financial status of the non-prevailing party is disfavored; "basing awards on a comparison of the parties' financial strengths. . . would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status." *Johnson*, 2000 U.S. App. LEXIS 19033, at *9 (quoting *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999)). Although the Court is sympathetic to Plaintiff's plight, the Court feels constrained to follow this legal principle.

IT IS THEREFORE ORDERED that PLAINTIFF LORENA CHAVEZ-ACOSTA'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS AND MEMORANDUM IN SUPPORT (Doc. No. 158) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE